UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
NEW HAVEN DIVISION

| | |
|---|---|
| *In re:* | : |
| | : Case Nos.  17-31697 (AMN) |
| | : 16-30663 (AMN) |
| CATHY DARRELL BENNETT, | : 15-30473 (AMN) |
| *Debtor* | : Chapter 13 |
| | : |
| | : RE: ECF No. 59 |

## MEMORANDUM OF DECISION AND ORDER
## GRANTING IN PART AND DENYING IN PART
## APPLICATION FOR COMPENSATION, REQUIRING
## DISGORGEMENT OF ATTORNEYS' FEES AND IMPOSING MONETARY SANCTION

This Memorandum of Decision and Order, together with a similar decision in an

unrelated case[1], addresses the financial transaction disclosure requirements mandated

by 11 U.S.C. § 329(a) and Fed.R.Bankr.P. 2016(b), and the practice of using "appearance

counsel" to represent bankruptcy debtors on a temporary or "drop in" basis in meetings

of creditors pursuant to 11 U.S.C. § 341, in hearings before the bankruptcy court, and

otherwise throughout the pendency of a bankruptcy case.  Because the attorneys here –

both the appearing attorney and the non-appearing "appearance counsel" – failed to

comply with Fed.R.Bankr.P. 2016(b), the application for compensation filed by Attorney

Andrea Anderson will be denied in part and she will be required to disgorge some of the

fees she was paid.  Because Attorney Howard Brown was not paid by the debtor, and yet

acted as undisclosed appearance counsel in more than one of the debtor's cases, he will

be required to complete additional continuing legal education in the area of ethics and to

pay a sanction.

---

[1]    *In re: Schatz,* case number 16-31208(AMN), ECF No. 155, a copy of which is attached as
Attachment A.

1

## FACTS AND PROCEDURAL HISTORY

Pending is Attorney Andrea Anderson's ("Attorney Anderson") Third Amended Application for Compensation (the "Application")(ECF No.[2] 59) pursuant to 11 U.S.C. § 329 seeking allowance of attorney's fees in the amount of $5,390.00[3] and expenses in the amount of $1,080.00,[4] for a total of $6,470.00 in compensation related to three of the debtor's previous bankruptcy cases (Case Nos. 17-31697, 16-30663, and 15-30473)(the "Debtor's Cases").

Attorney Anderson's time records indicate she spent 23.8 hours working on the Debtor's Cases. Attorney Anderson's standard billing rate is $350.00 per hour, which resulted in total attorney's fees of $8,330.00, reduced by $2,940.00 in the Application. Attorney Anderson filed Official Bankruptcy Form 2030,[5] a Disclosure of Compensation, in each of the Debtor's Cases indicating she has been paid a total of $6,010.00 by the debtor. However, Attorney Anderson was paid a total of $6,470.00[6] by the debtor, which is the amount sought in the Application.

The debtor here, Cathy Darrell Bennett, filed for bankruptcy five times in this court. The Debtor's Cases were generally filed on the eve of the foreclosure law days regarding the debtor's home. As reflected in the table below, the debtor received a Chapter 7

---

[2]   "ECF No." refers to the docket number for entries in Case No. 17-31697. References to docket numbers for entries in other cases will specify the case number.

[3]   Attorney Anderson's previous amended application for compensation (ECF No. 54) sought allowance of compensation in the amount of $4,810.00 in attorneys' fees and $1,030.00 in expenses.

[4]   The expenses include filing fees for three cases of $310.00 each, and, $150.00 for a credit report and search fee in Case No. 17-31697.

[5]   Official Bankruptcy Forms are issued by the Director of the Administrative Office of the United States Courts pursuant to Fed.R.Bankr.P. 9009. Form 2030 is required to be filed pursuant to 11 U.S.C. § 329(a) and Fed.R.Bankr.P. 2016(b).

[6]   Attorney Anderson's Application/Order for Fees (ECF No. 28 in Case No. 17-31697) shows that $2,460 was received by Attorney Anderson. However, Attorney Anderson's Form 2030 indicates that only $2,000.00 was paid by the debtor in that case. ECF No. 4-1 in Case No. 17-31697. Attorney Anderson failed to file an updated Form 2030 reflecting an additional $460 paid by the Debtor.

discharge in 2009. Thereafter, the Debtor's Cases generally were pending for only a few months before being dismissed.

| Case No. | Debtor's Counsel | Foreclosure Law Day | Case Filed | Case Disposition | Reason for Dismissal | Form 2030/2016(b) Statement | Compensation Requested in Pending Fee Application |
|---|---|---|---|---|---|---|---|
| 09-31263 | Timothy Pletter | | 5/15/2009 | 8/25/2009 (Debtor Discharged) | N/A | N/A | N/A |
| 15-30473 | Andrea Anderson | 5/11/2015 | 3/30/2015 | 6/4/2015 Dismissed | Dismissed for Other Reasons. | $2,000 fee $2,000 paid; $0 due[7] | $1,690 in fees and $310 in expenses |
| 16-30663 | Andrea Anderson | 5/2/2016 | 4/29/2016 | 1/20/2017 Dismissed | Failure to File Information. | $4,000 fee $2,010 paid; $1,990 due[8] | $1,700 in fees and $310 in expenses. |
| 17-30515 | Stacie Zimmerman[9] | 4/10/2017 | 4/10/2017 | 7/18/2017 Dismissed | Failure to File Information. | $2,000 paid; $0 balance | N/A |
| 17-31697 | Andrea Anderson | 11/6/2017 | 11/5/2017 | 2/12/2018 Dismissed | §1307(c); unreasonable delay by the debtor that is prejudicial to creditors. | $4,500 fee $2,460 paid[10] ($410 to expenses and $2,040 to fees) $2,460 fees due | $2,000 in fees and $460 in expenses |
| **Total** | Andrea Anderson | | | | | $10,500 in fees; $6,470 paid; $4,450 due. | $5,390 in fees and $1,080 in expenses. ($6,470 in total) |

Attorney Anderson represented the debtor in three of the five bankruptcy cases, and utilized the services of Attorney Howard Brown ("Attorney Brown") in two cases. First, in Case No. 15-30473, Attorney Brown served as appearance counsel for the debtor by attending a § 341 Meeting of Creditors on May 8, 2015. Second, in Case No. 16-30663, Attorney Brown was appearance counsel to represent the debtor at a hearing on

---

[7]     ECF No. 10, p. 26 in Case No. 15-30473.
[8]     ECF No. 1, p. 41 in Case No. 16-30663.
[9]     Stacie Zimmerman is not currently admitted to practice before this Court.
[10]    *See* Footnote 6.

confirmation of the debtor's Chapter 13 plan on January 5, 2017. Attorney Brown's representation of the debtor at the confirmation hearing was not effective,[11] and the case was dismissed fifteen (15) days later.

While Attorney Brown's role is referenced as that of "appearance counsel," what that meant is that he appeared on the debtor's behalf at judicial proceedings but failed to file a notice of appearance in either case, in violation of Local Bankruptcy Rule 9010-1. After being ordered to do so, Attorney Brown filed a Form 2030 Disclosure of Compensation (ECF No. 53 in Case No. 17-31697) indicating that no fee was charged to the debtor and that he did not receive any fee from Attorney Anderson for representing the debtor at the § 341 Meeting of Creditors or at the confirmation hearing for the debtor's Chapter 13 plan. The Court notes that Attorney Anderson billed the debtor for the time that Attorney Brown spent representing her.[12] ECF No. 59, pp. 4-5.

The Court recently issued a 14-page opinion in a similar case (*Schatz*; Case No. 16-31208; ECF No. 155) involving Attorney Anderson and her use of Attorney Brown as appearance counsel to represent a debtor. *See* Attachment A. In *Schatz*, Attorney Anderson failed to disclose that she shared compensation with Attorney Brown, and Attorney Brown failed to disclose his financial relationship (or lack thereof) with the debtor and failed to file a notice of appearance. In this case, Attorney Brown did not receive compensation from Attorney Anderson, but Attorney Brown failed to file a notice of

---

[11]   Attorney Brown was unprepared and did not know basic facts about the client, the plan or the case.

[12]   The time entries in the Application state the following:  "5/8/15 Attorney Brown attends and represents Debtor at 341 Meeting [0.5 Hours]" and "1/5/17 Attorned Howard Brown attends and represents Debtor at confirmation hearing [1.0 Hours]."  ECF No. 59.

appearance in the Debtor's Cases and failed to competently represent the debtor as appearance counsel.

## DISCUSSION

I am troubled by the use of appearance counsel in the cases, for the same reasons I was concerned in the recent *Schatz* case. Essentially, by using appearance counsel – an attorney hired by another attorney to cover a judicial proceeding like a § 341 meeting or a Chapter 13 confirmation hearing – the attorney of record may do a disservice to her client, to the other parties in the case and to the court. As in the *Schatz* case, the use of Attorney Brown as appearance counsel at best caused delay and confusion, and at worst was prejudicial to the client. Because I conclude the practice also violated some of the Connecticut Rules of Professional Responsibility and the Federal Rules of Bankruptcy Procedure, I will disallow some of Attorney Anderson's fees, require Attorney Anderson disgorge the disallowed fees and require Attorney Brown to pay a monetary sanction for his conduct.

Based on the record here, for essentially the same reasons I stated in the *Schatz* decision, I conclude Attorney Anderson violated Conn. Rule of Prof'l Conduct 1.5(a) for billing the debtor 1.5 hours for work that Attorney Brown, rather than Attorney Anderson, completed. Attorney Brown is not an attorney in Attorney Anderson's firm, so it is improper for Attorney Anderson to bill the client $350.00 per hour for work completed by outside appearance counsel. Attorney Anderson also violated Conn. Rules of Prof'l Conduct Rule 5.1 because she failed to ensure her appearance counsel was adequately prepared to address questions at hearings, "thus leaving the Debtor with counsel in name only." *See In re D'Arata*, 587 B.R. 819, 827 (Bankr. S.D.N.Y. 2018). Lastly, Attorney

Anderson violated Fed.R.Bankr.P. 2016(b) by failing to amend 2016(b) statement in Case No. 17-31697 to reflect additional funds of $460 received. *See* ECF No. 28.

I also adopt the legal standards and reasoning in *Schatz* to impose a sanction against Attorney Brown for the failure to file a notice of appearance pursuant to Local Bankruptcy Rule 9010-1, and for violations of the Connecticut Rules of Professional Responsibility. Attorney Brown violated Conn. Rules of Prof'l Conduct Rule 1.5(b),[13] which required Attorney Brown to file a notice of limited appearance and a certification of completion of limited appearance in the Debtor's Cases. Attorney Brown also violated Conn. Rule of Prof'l Conduct Rule 1.1 which requires that a lawyer, "provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation." Conn. Rules of Prof'l Conduct 1.1.

## CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED:** That, pursuant to 11 U.S.C. § 329(b)(2), the Application (ECF No. 59) is GRANTED IN PART, and Attorney Anderson is allowed attorney' fees in the amount of $4,640.00 and reimbursement of expenses in the amount of $1,080.00; and it is further

**ORDERED:** That, pursuant to 11 U.S.C. § 329(b)(2), the Application (ECF No. 59) is DENIED IN PART, and Attorney Anderson shall disgorge the amount of SEVEN

---

[13]     "In any representation in which the lawyer and the client agree that the lawyer will file a limited appearance, the limited appearance engagement agreement shall also include the following: identification of the proceeding in which the lawyer will file the limited appearance; identification of the court events for which the lawyer will appear on behalf of the client; and notification to the client that after the limited appearance services have been completed, the lawyer will file a certificate of completion of limited appearance with the court, which will serve to terminate the lawyer's obligation to the client in the matter, and as to which the client will have no right to object." Conn. Rules of Prof'l Conduct 1.5(b).

HUNDRED FIFTY ($750.00) DOLLARS, on or before October 31, 2019, to the debtor Cathy Darrell Bennett; and it is further

**ORDERED:** That, on or before October 31, 2019, Attorney Anderson shall file a certification that she disgorged the funds described in this Order; and it is further

**ORDERED:** That, on or before October 31, 2019, Attorney Brown shall pay a sanction of FIVE HUNDRED ($500.00) DOLLARS to the Robert L. Krechevsky Pro Bono Fund, which should be mailed to the Connecticut Bar Association, ATTN: Philip Ponticelli, Controller, 30 Bank Street, New Britain, CT 06051; and it is further

**ORDERED:** That, on or before October 31, 2019, both Attorney Anderson and Attorney Brown shall complete three hours of Continuing Legal Education (CLE) on attorney ethics, and each shall file a certification that she or he has done so by that date; and it is further

**ORDERED:** That, on or before October 31, 2019, Attorney Brown shall file a certification that he paid the sanction to the Robert L. Krechevsky Pro Bono Fund.

Dated on August 13, 2019, at New Haven, Connecticut.



Ann M. Nevins
United States Bankruptcy Judge
District of Connecticut

**ATTACHMENT A**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
NEW HAVEN DIVISION

<span style="color:#8B3A2B">**ATTACHMENT A**</span>

In re:                                              :
                                                    :          Case No.  16-31208 (AMN)
BRIAN A. SCHATZ,                                    :
           Debtor                                   :          Chapter 13
                                                    :
                                                    :          RE: ECF Nos. 142, 143

**MEMORANDUM OF DECISION AND ORDER
GRANTING IN PART AND DENYING IN PART
APPLICATIONS FOR COMPENSATION AND
<u>REQUIRING DISGORGEMENT OF ATTORNEYS' FEES</u>**

This Memorandum of Decision and Order addresses the financial transaction disclosure requirements mandated by 11 U.S.C. § 329(a) and Fed.R.Bankr.P. 2016(b), and the practice of using "appearance counsel" to represent bankruptcy debtors on a temporary or "drop in" basis in meetings of creditors pursuant to 11 U.S.C. § 341, in hearings before the court, and otherwise throughout the pendency of a bankruptcy case. Because the attorneys here – both the appearing attorney and the non-appearing "appearance counsel" – failed to comply with Fed.R.Bankr.P. 2016(b), they are required to disgorge some or all of the attorneys fees they were paid in this case.

Pending are applications seeking allowance of attorneys' fees and reimbursement of expenses pursuant to 11 U.S.C. § 329, filed by Attorneys Andrea Anderson and Howard Brown after the Court questioned their financial transactions with the debtor in this Chapter 13 case.  ECF Nos. 142, 143 (ECF No. 142 is the "Anderson Application"; ECF No. 143 is the "Brown Application"; together they are the "Applications").  Attorney Anderson sought allowance of $5,190.00 of attorney's fees and $310.00 in expenses while Attorney Brown sought allowance of $500.00 of attorney's fees.  For the reasons

1

that follow, the Anderson Application is GRANTED IN PART and DENIED IN PART, and the Brown Application is DENIED, with certain of the fees paid to Attorney Anderson and all of the fees paid to Attorney Brown to be disgorged as described below.

## FACTS

This Chapter 13 case commenced on July 31, 2016 (the "Petition Date"), when Attorney Anderson filed the debtor's voluntary Chapter 13 petition. The debtor's case was fairly complex due to two bankruptcy dismissals within the preceding twelve months (resulting in only a limited, automatic stay pursuant to 11 U.S.C. § 362(c)(4)) and the debtor's ownership of thirteen real properties.

At all times relevant here, Attorney Anderson and Attorney Brown did not work in the same law firm[1], but they shared a mailing address[2] and perhaps the same office space[3] despite Attorney Anderson's residence in Florida for the duration of the debtor's case. *See* ECF No. 134. Attorney Anderson filed Official Bankruptcy Form 2030[4], a Disclosure of Compensation, stating that she agreed to accept $10,000.00 for the debtor's case having already received $2,500.00 from the debtor. ECF No. 12. Attorney Anderson

---

[1]     Attorney Anderson's statement of facts states that the "Debtor was also advised that Attorneys Brown and Anderson were not part of the same law firm and maintained separate practices." ECF No. 134.

[2]     The mailing address for Attorney Anderson and Attorney Brown is listed in CM-ECF as 516 Ellsworth Avenue, New Haven, CT 06511. However, during hearings Attorney Anderson mentioned her current residency in Florida several times and the Superior Court for the State of Connecticut's records regarding attorneys registered to practice in the State of Connecticut lists the Law Offices of Andrea Anderson, L.L.C. with a mailing address of 1059 Maitland Center, Maitland, Florida 32751. *See* ECF No. 133.

[3]     The Court asked Attorney Brown in a hearing whether he and Attorney Anderson were "in the same office." *See* ECF Nos. 60, 61. Attorney Brown responded with a yes. Attorney Brown represented in another hearing that he was with Attorney Anderson's office. *See* ECF No. 72. The Court intended the meaning of that question to be members or associates of the same law office under the Connecticut Rules of Professional Responsibility and the Bankruptcy Code, rather than individuals sharing the same physical space.

[4]     Official Bankruptcy Forms are issued by the Director of the Administrative Office of the United States Courts pursuant to Fed.R.Bankr.P. 9009.

represented in Form 2030 that she had "not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm."   ECF No. 12.   However, Attorney Anderson's statement of facts filed after the dismissal of the case regarding the pending compensation applications stated that she advised[5] the debtor[6] that "Attorney Brown would be covering the 341 meeting and some of the bankruptcy hearings" and that "Attorney Brown would be sharing some of the retainer paid to Attorney Anderson."   ECF No. 134.   Attorney Anderson's statement of facts further represented that she paid Attorney Brown $120.00 on January 26, 2017, $80.00 on March 2, 2017, and the debtor paid Attorney Brown $300.00 at some time. ECF No. 134.

While Attorney Anderson submitted time records itemizing the time she spent representing the debtor, it became apparent during the course of the Chapter 13 case that Attorney Anderson generally did not appear at court hearings on the debtor's behalf.[7] Attorney Brown represented the debtor at the § 341[8] Meeting of Creditors on October 28, 2016.  See ECF No. 140.  Attorney Anderson filed a Motion to Extend the Automatic Stay (ECF No. 29), which was later denied for a failure to prosecute when neither she or any other attorney appeared for the debtor at the hearing.  See ECF No. 42.

---

[5]      Connecticut Rules of Professional Conduct 1.5 requires written communication rather than oral communication regarding the scope of the representation and any fees for which the client will be responsible.

[6]      The statement of facts also included an affidavit by the debtor stating that he consented to the fee sharing agreement and that he was satisfied with his legal representation.  ECF No. 134, Exhibit A.

[7]      Of the seven pre-dismissal hearings held in this case, Attorney Anderson appeared at one, on July 13, 2017. See ECF No. 96.

[8]      Unless otherwise noted, all statutory references are to Title 11, United States Code (the "Bankruptcy Code").

By contrast, Attorney Brown attended five hearings to consider confirmation of the debtor's Chapter 13 Plan and the Chapter 13 Trustee's motion to dismiss the case in his capacity as Attorney Anderson's coverage counsel.[9]  *See* ECF Nos. 60, 61, 72, 73, 80, 109, and 120.  Attorney Brown was generally ineffective in representing the debtor.  In a hearing on March 2, 2017, Attorney Brown admitted that he had not reviewed the debtor's Chapter 13 Plan (a document of three pages) and deferred to Attorney Anderson who was absent from the hearing.  *See* ECF No. 72.  Later in that hearing, the Court required Attorney Brown to file a notice of appearance[10] and be familiar with the case for any future hearings.  *See* ECF No. 72.  Attorney Brown was more familiar with the case at later hearings but generally deferred to the absent Attorney Anderson regarding the salient details of the case and future steps needed to confirm the debtor's Chapter 13 Plan.

The Court denied confirmation of the Debtor's Fifth Amended Chapter 13 Plan and granted leave to amend the plan on or before January 26, 2018.  *See* ECF No. 123.  A sixth amended plan was not filed and pursuant to the order establishing the deadline, the Court dismissed the debtor's case on January 30, 2018, while retaining jurisdiction to consider the allowance of compensation pursuant to § 330.  *See* ECF No. 123.  Attorney Anderson failed to appear for a hearing on her application for compensation (ECF No. 87), which requested allowance of $10,000.00 for attorney's fees and $310.00 for expenses, of which $2,500.00 had been paid by the debtor.  *See* ECF No. 125.  Attorney Anderson later agreed to reduce her fee request and now seeks allowance of $5,190.00 in attorney's fees and costs of $310.00, for a total of $5,500.00.  *See* ECF No. 142.

---

[9]     Attorney Brown stated, "Attorney Anderson is really the one that was working on this. I am just kind of covering for her." ECF No. 72.
[10]    Attorney Brown filed a Notice of Appearance in the case as ECF No. 79.

4

During the continued hearing to consider the allowance of Attorney Anderson's compensation in this case, Attorney Anderson argued that she did not share fees with Attorney Brown, but rather paid him as an "operating expense." *See* ECF No. 131. The Court thereafter issued a scheduling order requiring Attorney Brown to file a statement pursuant to Fed.R.Bankr.P. 2016(b)(essentially, Official Bankruptcy Form 2030) and set a schedule for briefing at the request of Attorneys Anderson and Brown regarding the question of whether payment of an appearance fee by Attorney Anderson to Attorney Brown is considered "fee sharing" under 11 U.S.C. § 504. *See,* ECF Nos. 132, 134, 135, and 141.

Attorney Anderson then filed an amended Form 2030 disclosing the payments totaling $200 to Attorney Brown. *See* ECF No. 138. Attorney Brown filed his own Form 2030 disclosing compensation of $500 from the debtor and from "other: See attached."[11] *See* ECF 135.

## **APPLICABLE LAW**

I.    The Bankruptcy Court's Supervision of a Debtor's Transactions With Attorneys

Several provisions of the Bankruptcy Code reflect Congress' intent that bankruptcy courts closely monitor and supervise compensation paid by debtors, both before and after they file bankruptcy petitions. For example, § 329(a) of the Bankruptcy Code, "requires an attorney for the debtor to file with the court a statement indicating any compensation paid or agreed to be paid to such attorney for services rendered or to be rendered in contemplation of or in connection with a case under the Code." 3 Collier on Bankruptcy

---

[11]    The attachment was an attorney bill with a signed statement by the debtor. The debtor indicated that he understood that "part of the retainer I paid to Attorney Andrea Anderson was paid to Attorney Howard Brown to compensate Mr. Brown for the above legal services."

¶ 329.03.  Section 329, "should be read in conjunction with [Federal Rule of Bankruptcy Procedure] 2016," that "further specifies the disclosure requirements of section 329(a)." 3 Collier on Bankruptcy ¶ 329.03.  Under § 329 and Rule 2016(b), the "statement also must disclose the source of such compensation, even if the source is not the debtor but a third party" and "must be filed whether or not the attorney intends to apply for compensation under the Code."  3 Collier on Bankruptcy ¶ 329.03.

Rule 2016(b) also incorporates, "specifically the requirement that the statement filed indicate whether the attorney has shared or has agreed to share in respect of any such compensation with any other person." 3 Collier on Bankruptcy ¶ 329.03. This requirement should be read in conjunction with § 504 of the Bankruptcy Code that expressly prohibits an attorney from sharing any compensation with another attorney that is not another "member, partner, or regular associate" of the applicant's law firm.  *See* 11 U.S.C. § 504.  The term "regular associate" is defined in Bankruptcy Rule 9001(10) as, "any attorney regularly employed by, associated with, or counsel to an individual or firm." Fed.R.Bankr.P. 9001(10).  Under that definition, the majority of courts prohibit debtor's counsel from hiring contract attorneys under § 504.  *See, e.g., In re Egwu,* 2012 WL 5193958 (Bankr. D. Md. 2012)(coverage attorney employed by debtor's counsel constituted prohibited fee sharing); *In re Bradley,* 495 B.R. 747, 767 n. 11 (Bankr. S.D. Tex. 2013)(use of an undisclosed "appearance attorney" violated § 504(a)); *In re Tarasiak,* 280 B.R. 791 (Bankr. D. Mass. 2002)(fees disallowed under § 504(a) for payments to an independent contractor professional).

The fee sharing prohibition is also contained in the 2016(b) Statement (Form 2030) and here Attorney Anderson initially certified that she had not agreed to "share the above-

disclosed compensation with any other person unless they are members or associates of my law firm." *See* ECF Nos. 12, 138.[12]

Courts have "either denied compensation or required disgorgement for fee sharing in violation of section 504 for failure to disclose sharing arrangements under Rule 2016." 4 Collier on Bankruptcy ¶ 504.02.  A bankruptcy court also has power under § 329(b) to reduce or disallow an attorney's fees if "such compensation exceeds the reasonable value of any such services, the court may cancel any such agreement, or order the return of any such payment, to the extent excessive, to . . . (2) the entity that made such payment." 11 U.S.C. § 329(b).  *See also In re Carmine Alessandro*, 2010 Bankr. LEXIS 3116, 2010 WL 3522255, at *2 (Bankr. S.D.N.Y. Sept. 7, 2010)(holding that a "Court may reduce the compensation if it finds that the amount requested is excessive or of poor quality").

II. <u>Practical Issues and Rules of Professional Conduct Implicated by Utilizing Appearance Counsel</u>

Appearance counsel are "attorneys who appear at proceedings at the request of, and on behalf of, the debtors' chosen attorney." *In re D'Arata*, 587 B.R. 819, 825 (Bankr. S.D.N.Y. 2018) *citing In re Bradley*, 495 B.R. 747, 757 n.1 (Bankr. S.D. Tex. 2013).  These attorneys are "generally not disclosed to the Court or to the Chapter 7 trustee before their appearance, and debtors are usually unaware that an appearance attorney will be representing them until right before the meeting or hearing." *In re D'Arata*, 587 B.R. at 825 *citing In re Bradley*, 495 B.R. at 757. "Compounding these problems is that appearance counsel often know little or nothing about the case." *In re D'Arata*, 587 B.R.

---

[12]     This form was later amended by Attorney Anderson after the Court expressed great concern regarding the payments by Attorney Anderson to Attorney Brown.  *See* ECF No. 138.

at 825. Various courts around the country discourage the use of appearance counsel to represent the debtor. *See In re D'Arata*, 587 B.R. at 825-826 (collecting cases).

The "improper use of appearance counsel can 'frustrate the negotiation and communication process among the debtor, the creditors, and the trustee.'" *In re D'Arata*, 587 B.R. at 826 *quoting In re Bradley*, 495 B.R. at 804; *see also In re Jacobson*, 402 B.R. at 365 ("[t]he practice of undisclosed 'appearance attorneys' creates problems—other parties (and the court) are sandbagged, and the [d]ebtor, trustee, other creditors, and counsel cannot readily communicate regarding scheduling or substance."). Additionally, appearance counsel can promote a lack of accountability.

> Appearance attorneys are rarely listed as an attorney of record or co-counsel in a case and this can raise questions as to the legitimacy of their representation of debtors and their authority to speak for, or make admissions on behalf of, the debtor. While many appearance attorneys are competent lawyers, others are '[m]ere drones who give inadequate representation.' If a court cannot determine who has the authority to speak on behalf of a debtor, a sizeable and unnecessary roadblock is thrown up in front of the bankruptcy process. The court overseeing a bankruptcy case must know who speaks for a debtor and whom it can hold accountable for any improprieties in the process.
>
> *In re D'Arata*, 587 B.R. at 826 *quoting In re Bradley*, 495 B.R. at 804 (internal citations omitted).

The use of appearance counsel in bankruptcy counsel implicates several of the Connecticut Rules of Professional Conduct. Rule 1.1 states that a "lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation." Conn. Rules of Prof'l Conduct 1.1. Rule 5.1 interplays with Rule 1.1 by stating that a "lawyer having direct supervisory authority over another lawyer shall make reasonable efforts to ensure that the other lawyer conforms to the Rules of Professional

Conduct."  Conn. Rules of Prof'l Conduct 5.1.  Supervisory counsel violate Rule 5.1 when they fail to ensure that appearance counsel are adequately prepared to address questions at hearings, "thus leaving the Debtor with counsel in name only."  *See In re D'Arata*, 587 B.R. at 827.

Rule 1.5 requires that the "scope of the representation, the basis or rate of the fee and expenses for which the client will be responsible, shall be communicated to the client, in writing."  Conn. Rules of Prof'l Conduct 1.5.

## DISCUSSION

I.     Attorney Anderson's Violations

Attorney Anderson violated Fed.R.Bankr.P. 2016(b) and § 504 in several ways. First, Attorney's Anderson's initial Form 2030 (ECF No. 12) stated that she would represent the debtor at a meeting of creditors pursuant to 11 U.S.C. § 341 (a "341 Meeting").  However, Attorney Anderson instead paid Attorney Brown to represent the debtor at the 341 Meeting.  *See* ECF No. 140; *See also* ECF No. 135 (Attorney Brown's Form 2030 indicated he would represent the debtor at court hearings and 341 Meeting; the form was filed after dismissal of the case).  A 341 Meeting, although not presided over—or even attended—by a judge, "may be the most significant event  in such a case for an individual debtor. . . ." *In re D'Arata*, 587 B.R. at 822. The debtor's case here was complex. The debtor needed a skilled and diligent attorney to have a good chance of confirming a Chapter 13 plan.  Thus, it was important for Attorney Anderson to attend the § 341 meeting to get the case on the right path to confirmation.

Second, Attorney Anderson's original Form 2030 stated that she agreed she would not share compensation with any person who was not an associate of her law firm.

Sharing of compensation directly violates 11 U.S.C. § 504, because such sharing is expressly prohibited with another attorney that is not another "member, partner, or regular associate" of the applicant's law firm. *See* 11 U.S.C. § 504. Attorney Anderson's Joint Memorandum of Law argued that both she and Attorney Brown, "explained to the Debtor that Attorney Brown would be sharing some of the retainer paid to Attorney Anderson. The Debtor was also advised that Attorneys Brown and Anderson are not part of the same law firm and maintained separate practices." ECF No. 134. Nonetheless, Attorney Anderson violated § 504 by sharing compensation with an attorney that is not an associate at her law firm. This conclusion is not affected by the alleged disclosure of the sharing arrangement to the client since the statute requires transparency through the Form 2030 filing with the court. If Attorney Anderson needed another attorney to assist her on the debtor's case, Attorney Anderson should have required the attorney to: (1) execute a written retention and fee agreement with the debtor, (2) file a notice of appearance and Form 2030 at the start of his or her representation of the debtor, (3) seek compensation directly from the debtor, and (4) create a document outlining the tasks and responsibilities to be completed by each attorney.

Additionally, Attorney Anderson was under a continuing duty to file a supplemental Form 2030 within fifteen (15) days after any payments or agreements not previously disclosed. *See* Fed.R.Bankr.P. 2016(b). Attorney Anderson eventually filed an amended Form 2030 after the case was dismissed when the Court had questioned the payments to Attorney Brown. *See* ECF No. 138. At some undisclosed point between the filing of the first Form 2030 (ECF No. 12) and the amended Form 2030 (ECF No. 138), Attorney Anderson was paid an additional $3,000.00, leading to at least the inference that she did

not comply with Rule 2016(b) by updating her disclosure in a timely manner.   Based on this record, the Court will require disgorgement of a portion of Attorney's Anderson's requested fees "for fee sharing in violation of section 504 or for failure to disclose sharing arrangements under Rule 2016."   4 Collier on Bankruptcy ¶ 504.02.

Based on the record here, the Court concludes the amount originally disclosed as having been paid as fees in the initial Form 2030, or $2,500.00, should be allowed along with $310.00 as reimbursement of the filing fee cost.   The balance paid to Attorney Anderson that was not timely disclosed in an amended Form 2030 in violation of Rule 2016(b) – or $3,000.00 – is ordered to be disgorged.

II.    Attorney Brown's Violations

Attorney Brown represented the debtor during several hearings, as well as during the creditors meeting at the Office of the United States Trustee, without filing a notice of appearance in the debtor's case.[13]   Attorney Brown only filed a notice of appearance when directed to do so by the Court.   *See* ECF Nos. 72, 79.   Troublingly, the debtor paid Attorney Brown for appearances at hearings during a time when no written fee agreement existed, leading to a direct violation of Rule 1.5.   *See* Conn. Rules of Prof'l Conduct 1.5; ECF No. 134.   In any event, Court intervention should not be necessary for an attorney to file his notice of appearance for his client in a case pending in a federal court so that it appears in the record of the case.

Attorney Brown also failed to file Form 2030 until the Court directed him to do so on April 2, 2018.   *See* ECF No. 132.   Rule 2016(b) requires that this statement be filed

---

[13]    Since the conduct at issue here, the Court has adopted new local bankruptcy rules.  Connecticut Local Bankruptcy Rule 9010-1 requires that an "attorney entering an appearance in a case … shall first file an appearance with the Court. . ."

within fourteen (14) days after the petition for relief, or fifteen (15) days after any further payment or agreement is made that was previously undisclosed. *See* Fed.R.Bankr.P.2016. Without filing any appearance in the record of this case, and without any of the mandatory financial disclosures required by Rule 2016(b), Attorney Brown attended the debtor's 341 Meeting on October 26, 2016, and represented the debtor in five hearings during 2017. Attorney's Brown's unreasonable and unexcused delay in filing Form 2030 Statement of Compensation is a violation of § 329 and Rule 2016(b). "This disclosure obligation is mandatory and not permissive, and it is a continuing one." 3 Collier on Bankruptcy ¶ 329.01. This failure compels this Court to require disgorgement of the entirety of Attorney Brown's fees for his failure to timely disclose his fee arrangement by filing a Form 2030 disclosure. *See* 3 Collier on Bankruptcy ¶ 329.01.

Despite the debtor's affidavit stating that he was "fully satisfied with the legal serviced provided to [him] by Attorneys Anderson and Brown," the Court concludes on this record that Attorney Brown and Attorney Anderson did not adequately represent the debtor. ECF No. 134. The debtor's case was more involved than some Chapter 13 cases due to his ownership of thirteen real properties, and the debtor was entitled to only a limited stay because he filed this case on the heels of two prior bankruptcy dismissals within the preceding twelve months. Neither Attorney Anderson or Attorney Brown prosecuted the debtor's motion to extend the automatic stay (ECF No. 24), which was denied for failure to prosecute resulting in the lapse of the automatic stay, the most valuable legal advantage most debtors enjoy during a bankruptcy case. *See* ECF No. 42.

Attorney Brown's lack of preparation for one hearing and inability to adequately represent the debtor's interests during the case, combined with Attorney Anderson's repeated absence from court hearings, from the 341 Meeting, and her failure to ensure adequate preparation of Attorney Brown (though he should not have appeared at all as he had not complied with basic requirements of the Bankruptcy Code and Bankruptcy Rules or the Rules of Professional Conduct) undoubtedly detracted from effective and efficient management of the debtor's case by the court, the Chapter 13 Trustee and the debtor himself.

## <u>CONCLUSION</u>

For the foregoing reasons, it is hereby

**ORDERED:** That, pursuant to 11 U.S.C. § 329(b)(2), the Brown Fee Application is DENIED; and it is further

**ORDERED:** That, on or before June 28, 2019, Attorney Howard Brown shall disgorge $500.00 to the debtor Brian Schatz; and it is further

**ORDERED:** That, pursuant to 11 U.S.C. § 329(b)(2), the Anderson Fee Application is GRANTED IN PART and Attorney Anderson is allowed attorney' fees in the amount of $2,500.00 and reimbursement of expenses in the amount of $310.00; and it is further

**ORDERED:** That, pursuant to 11 U.S.C. § 329(b)(2), the Anderson Fee Application is DENIED IN PART and Attorney Anderson shall disgorge the amount of $3,000.00, representing the amount paid as set forth in ECF No. 138 that is greater than the amount allowed, on or before June 28, 2019, to the debtor Brian Schatz; and it is further

**ORDERED:** That, on or before June 28, 2019, Attorneys Anderson and Brown shall each file a certification that they have disgorged the funds described in this Order.

Dated on May 6, 2019, at New Haven, Connecticut.

*Ann M. Nevins*
United States Bankruptcy Judge
District of Connecticut